JOSEPH SANDERSON *vs.* WILLIAM LAWRENCE.

A notice in writing, given by a field driver to the owner of beasts impounded for going at large in the highway, which states that the beasts " were running at large, and were trespassing upon the premises of other individuals," does not state a sufficient cause of impounding, as required by Rev. Sts. *c.* 113, § 8.

ACTION OF TORT against a field driver of Pepperell, for taking and converting two mares and one colt, the property of the plaintiff.

At the trial, it appeared that the beasts in question, being at large⁻ contrary to law, and having trespassed on the private inclosure of George Kendall, were taken up and impounded by the defendant, who at the same time left with the pound keeper the following memorandum : " This certifies that I have this day impounded two mares and one colt in the town pound, under the care of Charles Crosby, pound keeper, upon complaint of Mr. George Kendall, for being at large, and claim as my fees the sum of fifty cents each, $1.50. I suppose them to belong to Mr. Joseph Sanderson. Mr. Kendall claims as damage sustained by said beasts fifty cents. Pepperell, August 5, 1852.

William Lawrence, Field driver in Pepperell."

It also appeared that the defendant, within twenty four hours from the time of impounding, left at the plaintiff's dwelling-house in Groton the following notice : " Pepperell, August 5, 1852. Mr. Joseph Sanderson. Dear Sir : I have this day been requested to take care of two mares and one colt, which were running at large, and were trespassing upon the premises of other individuals. One is a mare of a light chestnut color with a short tail ; one a mare of a dark chestnut color with a long tail, and is a pacer when travelling ; the other is a yearling colt of a roan color ; and are supposed to be your animals. I have impounded them in the town pound, under the care of Charles Crosby, pound keeper, and left with him a bill of charges and damages.      William Lawrence, Field driver

for the town of Pepperell."

The plaintiff contended that this notice was insufficient under

the statute, and that by reason of such insufficiency the defend-ant became a trespasser *ab initio*. But *Thomas*, J. ruled other-wise, for the purposes of the trial, and reserved the case, after a verdict for the defendant, for the consideration of the full court.

*G. F. Farley*, for the plaintiff.

*J. G. Abbott & B. F. Butler*, for the defendant. The notice given to the plaintiff sets forth a sufficient cause of impounding, as required by Rev. Sts. *c.* 113, § 8. By *c.* 19, § 22, "every field driver, within his town, shall take up, at any time, any horses, &c. going at large in the public highways, &c. and not under the care of a keeper." The fact that the beasts were "running at large," as stated in the notice, was a sufficient cause of impounding; and the notice is not invalidated by adding that they "were trespassing upon the premises of other individuals." It is no more necessary to add that they were " in the public highways," than that they were " not under the care of a keeper." But the description given is exactly of beasts "running at large in the public highways;" for every beast, running at large without a keeper, is a trespasser upon the owner of the fee of the highway, for which trespass an action will lie. *Adams* v. *Emerson*, 6 Pick. 57. *Robbins* v. *Borman*, 1 Pick. 122.

SHAW, C. J. The only question now raised is as to the sufficiency of the notice given by the defendant to the plaintiff, which being in writing, the construction of it is a question of law. The court are of opinion that the notice, as set forth in the report, was not sufficient. This notice from the field driver to the owner, required by Rev. Sts. *c.* 113, § 8, is the only notice required to be given where cattle are taken going at large, and impounded; the notice left with the pound keeper was unneces-sary and superfluous, and cannot supply the deficiency in the notice to be given by the field driver, who is a public officer. *Wild* v. *Skinner*, 23 Pick. 251. *Pickard* v. *Howe*, 12 Met. 198. A different rule prevails where cattle are distrained for being found damage-feasant; the latter is in the nature of a civil remedy for a private injury; the former of a public process, to

vindicate the rights and insure the safety of the public in high-
ways. The provision in question requires that when beasts are
impounded, the person impounding them shall give notice in
writing to the owner, if known, &c. which shall contain a
description of the beasts, and a statement of the time, place
an l cause of impounding. A substantial compliance with this
requisition is a condition precedent to the officer's justification.
*Coffin* v. *Field,* 7 Cush. 355.

The duty of the field driver is prescribed by Rev. Sts. *c.* 19,
§ 22 : " Every field driver, within his town, shall take up, at any
time, any swine, sheep, *horses,*" &c. " going at large in the
public highways or town ways, or on common and unimproved
lands, and not under the care of a keeper." It has been held,
that cattle going at large on a turnpike are within the statute;
but the reason distinctly given is, that a turnpike is a public
highway. *Pickard* v. *Howe,* 12 Met. 198.

The notice given in this case does not, in our opinion, satisfy
the requirements of the statute. The field driver's notice is,
among other things, to embrace the cause of taking. It must
of course be true, and must state facts which show that it was
a case in which the statute authorized him to do the act
notified. He now justifies on the ground that the horses were
running at large on the highway, which is to the injury and
danger of the public; and the law authorizes and justifies him
in taking them, in that case. But his notice states no such
case; it rather looks to impounding them as taken damage-
feasant, and with a view to recover private damages. He says :
" I have this day been requested to take care of two mares and
one colt, which were running at large, and were trespassing
upon the premises of other individuals." Here is no intimation
that they were found at large in any highway or common and
unimproved land, but rather on the premises of private persons.

The case where cattle are taken, damage-feasant, by the party
injured, or by his authority and order, and that where they are
taken and removed as a nuisance in highways, are very distinct,
and give different rights and impose different duties, both on the
owners of the animals, and the person impounding. We think

it was the intent of the statute, that the officer should give such notice to the owner, as to inform him of the ground upon which his cattle have been taken, in order that he may take the proper measures for their relief. The officer, not having done this, cannot justify the taking, but must be deemed a trespasser *ab initio.* *New trial ordered*